UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| IT-THIS LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:20-CV-844 RLW |
| | ) |
| NEWPORT BRAIN RESEARCH LABORATORY, INC., and WAVE NEUROSCIENCE, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This closed civil matter is before the Court on Defendant Wave Neuroscience, Inc.'s ("Wave") Motion to Amend or Correct Judgment (ECF No. 34), filed pursuant to Federal Rules of Civil Procedure 59(e), 60(a) and 60(b). The Motion is timely. Wave's Motion asks the Court to amend its January 22, 2021 Order of Dismissal in this case to specify that its counterclaims are dismissed without prejudice. No response was filed to the Motion and the time to do so has passed. The Court will grant the Motion pursuant to Rule 60(a).

The procedural background of this case that led to issuance of the Order of Dismissal is set forth in that Order and is recited accurately in Wave's Motion, so the Court does not reiterate it here. Wave states that at the time the Order of Dismissal dismissed this action with prejudice, it believed the parties' settlement would be finalized, but thereafter Plaintiff IT-THIS LLC ceased all communication with Wave. Wave states that it desires to preserve its counterclaims in the event the Plaintiff attempts to pursue additional claims against it. Wave contends that its counterclaims should not be dismissed with prejudice based on the Plaintiff's conduct that led to the dismissal of the action, as it would be inequitable and cause prejudice and hardship to prevent Wave from asserting

its counterclaims in a later action due to Plaintiff's failure to comply with Court orders and following through to consummate a settlement.

Rule 60(a) which provides in relevant part: "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice." Rule 60(a), Fed. R. Civ. P.

The Order of Dismissal recited that Plaintiff failed to comply with the Order Setting Rule 16 Conference and the Order to Show Cause, the latter of which required compliance at the penalty of sanctions including possible dismissal, but that Wave responded to the Order to Show Cause. (ECF No. 32 at 2.) The Order of Dismissal dismissed the case with prejudice "as a result of Plaintiff IT-THIS LLC's failure to comply with the Court's orders" (id. at 3), but did not mention Wave's counterclaims against Plaintiff and Nathan Meor. The Court's failure to mention Wave's counterclaims in the Order of Dismissal was an omission and the Court will correct it by amending the Order of Dismissal.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wave Neuroscience, Inc.'s Motion to Amend or Correct Judgment (ECF No. 34) is **GRANTED**. Rule 60(a), Fed. R. Civ. P.

An Amended Order of Dismissal will issue separately.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 24th day of March, 2021.